**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CAROL WILSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-16-464-BMJ |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) |
| Defendant.[1] | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff, Carol Wilson, brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's final decision finding she was not disabled under the Social Security Act. The parties have consented to the exercise of jurisdiction over this matter by a United States Magistrate Judge. *See* 28 U.S.C. § 636(c). The Commissioner has filed the Administrative Record (AR), and both parties have briefed their respective positions. For the reasons stated below, the Court reverses the Commissioner's decision and remands the matter for further proceedings.

## **I.    Procedural Background**

In October 2011, Plaintiff protectively filed applications for disability insurance benefits (DIB) and supplemental security income (SSI). AR 203-207; 208-213. The Social Security Administration denied the application initially and on reconsideration. AR 73, 74; 76, 77. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision dated September 18, 2014. AR 19-30. The Appeals Council denied Plaintiff's request for review on April 5, 2016. AR 1-6. Therefore, the ALJ's decision constitutes the final decision

---

[1] Nancy A. Berryhill is the Acting Commissioner of the Social Security Administration. The Court designates Defendant by official title rather than by name. Fed. R. Civ. P. 17(d); 25(d).

of the Commissioner. *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011). Plaintiff timely commenced this action for judicial review. *See* Compl. [Doc. No. 1] (filed May 4, 2016).

**II.     The ALJ's Decision**

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining process); *see also* 20 C.F.R. §§ 404.1520; 416.920. The ALJ first determined that Plaintiff meets the insured status requirements of the Act through December 31, 2013, and has not engaged in substantial gainful activity since the alleged onset date, May 30, 2011. AR 21.

At step two, the ALJ determined that Plaintiff has the following severe impairments which, when combined, are severe: osteoarthritis, bilateral knees; hypertension; hepatitis C; depressive disorder not otherwise specified; alcohol dependence; and generalized anxiety disorder. *Id*. At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1. AR 24-25.

The ALJ next determined Plaintiff's residual functional capacity (RFC). The ALJ concluded Plaintiff could perform light work with nonexertional limitations. AR 25-26.[2]

At step four, the ALJ found that Plaintiff could not perform her past relevant work as a cashier/checker. AR 28. At step five, relying on the testimony of a vocational expert (VE), the ALJ concluded that Plaintiff can perform other work that exists in significant numbers in the national economy. AR 28-29. The ALJ identified price marker, laundry bagger and photo copying machine operator as representative occupations. AR 29. The ALJ concluded, therefore, that Plaintiff was not disabled under the terms of the Social Security Act (SSA). AR 29-30.

---

[2] *See* 20 C.F.R. § 404.1567(b) (setting forth requirements for light work).

**III.     Issues Presented for Judicial Review**

Plaintiff seeks judicial review raising three claims of error: (1) the ALJ failed to properly consider Plaintiff's age; (2) the ALJ failed to properly consider medical source opinion evidence; and (3) the ALJ failed to properly evaluate Plaintiff's credibility. For the reasons set forth below, Plaintiff's first two claims of error require a remand. Because the ALJ's treatment of those claims on remand may affect the credibility analysis, the Court does not reach the merits of that claim.

**IV.     Standard of Review**

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

Plaintiff bears the burden of proof at steps one through four of the sequential evaluation process to establish a prima facie case of disability. *Wells v. Colvin*, 727 F.3d 1061, 1064 n. 1

(10th Cir. 2013). If Plaintiff meets this burden, the burden of proof shifts to the Commissioner at step five to show that Plaintiff retains a sufficient RFC to perform other work that exists in significant numbers in the national economy. *Id.*

V.   **Analysis**

   A.   **The ALJ Failed to Properly Address Plaintiff's Age as a Borderline Situation**

SSA regulations require age to be considered as a vocational factor in determining whether an individual can adjust to other work. 20 C.F.R. §§ 404.1563; 416.963. The regulations define three age categories: (1) a younger person (under age 50); (2) a person closely approaching advanced age (age 50-54); and (3) a person of advanced age (age 55 or older). *Id.*

A "borderline situation" "is a factor solely of the claimant's age and exists when the claimant is within a few days or months of the next category." *Daniels v. Apfel*, 154 F.3d 1129, 1133 (10th Cir. 1998) (internal quotation marks and citation omitted). No bright-line test establishes the "full extent of that range." *Id.* In a "borderline situation," age categories must not be applied mechanically. 20 C.F.R. §§ 404.1563(b); 416.963(b). Instead, if a claimant would be disabled using an older age category, the ALJ must "consider whether to use the older age category after evaluating the overall impact of all the factors of [the] case." *Id.*

Where, as here, a claimant seeking DIB "last met the insured status requirement before the date of adjudication, the oldest age to be considered is the person's age at the date last insured." Social Security Ruling (SSR) 83-10, 1983 WL 31251 at *8. But for a claimant seeking SSI, the claimant's "age on the date of the ALJ's decision is the relevant date." *Byers v. Astrue*, 506 F. App'x 788, 790 (10th Cir. 2012).

Plaintiff was born on March 1, 1960. AR 203. Plaintiff's insured status expired on December 31, 2013, prior to the date of the ALJ's decision. At the time her insured status expired,

4

Plaintiff was fifty-three years old. Therefore, no borderline age situation exists with respect to her claim for DIB.

However, at the time of the ALJ's decision on September 18, 2014, Plaintiff was five and one-half months from turning age fifty five. Therefore, a borderline age situation potentially exists with respect to her SSI claim.[3]

The ALJ made only the following finding regarding Plaintiff's age: "The claimant was born on March 1, 1960 and was 51 years old, which is defined as an individual closely approaching advanced age, *on the alleged disability onset date*." AR 28 (citations omitted) (emphasis added). The ALJ erred by using Plaintiff's age on the date of disability onset. As set forth above, the ALJ should have used Plaintiff's age on the date of the decision. At that time, Plaintiff was five and one-half months from turning age fifty-five and, upon reaching age fifty-five, Plaintiff would no longer be "closely approaching advanced age" but would be a person of "advanced age." 20 C.F.R. §§ 404.1563(c),(d); 416.963(c),(d). The difference in these age categories has "distinct consequences." *Byers*, 506 F. App'x at 790. Advanced age "significantly" affects a person's ability to adjust to other work while closely approaching advanced age only "potentially" affects the ability to adjust to other work. 20 C.F.R. §§ 404.1563(d); 416.963(d).

---

[3] The Commissioner contends this case does not present a borderline age situation because "five-and-a-half months is not a 'few days to a few months.'" Def.'s Brf. at p. 13 (*citing* 20 C.F.R. § 416.963(b)). However, the Social Security Administration's Program Operations Manual (POMS) provides: "[u]sually we consider a few days to a few months to mean a period not to exceed 6 months." POMS DI 25015.006, http://policy.ssa.gov/poms.nsf/lnx/0425015006. The Court must "defer to the agency's interpretations stated in the POMS unless they are 'arbitrary, capricious, or contrary to law.'" *Lee v. Colvin*, 631 F. App'x 538, 541, n. 1 (10th Cir. 2015) (*quoting McNamar v. Apfel*, 172 F.3d 764, 766 (10th Cir. 1999)). The Commissioner has failed to address the POMS provision and therefore has "fail[ed] to show that [it is] not entitled to deference." *Id*. Moreover, in *Byers*, the Court found it unnecessary to decide "whether a five-and-a-half month gap qualifies as borderline" where the record was unclear as to "whether the ALJ was even aware of the potential borderline situation in the case." *Id*., 506 F. App'x at 791. As discussed infra, that same circumstance is presented here.

A remand is further required because the ALJ's decision fails to reflect that she was even aware of the borderline situation. *Byers*, 506 F. App'x at 791. The Commissioner's post-hoc justifications attempting to demonstrate the ALJ was aware of Plaintiff's age at the time of the decision are unavailing. *See* Def.'s Brf. [Doc. No. 21] at pp. 14-15 (noting that medical expert testimony showed Plaintiff's age, hypothetical to VE noted age range of fifty-one to fifty-four, and Plaintiff's "birthday was available and cited throughout her administrative documents"). As the Tenth Circuit stated in *Daniels*, "[d]etermining whether a claimant falls within a borderline situation appears to be a factual rather than discretionary matter, and the ALJ erred by not making this necessary factual finding." *Id*., 154 F.3d at 1133-34, n. 5; *see also Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) (noting that where ALJ did not provide explanations offered by the Commissioner to support the ALJ''s findings, the court was prohibited from creating or adopting "post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself").

Moreover, any error is not harmless. The ALJ found Plaintiff has at least a high school education and that her past relevant work as a cashier/checker is classified as semi-skilled. AR 28. The ALJ further found Plaintiff could not perform her past relevant work and that she had an RFC for light work with additional limitations. AR 25-26. The ALJ deemed the issue of transferability of job skills immaterial to the determination of disability. The ALJ stated that "whether or not [Plaintiff] has transferable job skills" the Medical – Vocational Guidelines (the grids), *see* 20 C.F.R. pt. 404, subpt. P, app. 2, directed a finding that Plaintiff was not disabled. AR 28.

However, the grids establish that if Plaintiff were a person of advanced age, a decision of disabled would be warranted. *See* 20 C.F.R. Pt. 404, App. 2, Subpt. P, § 202.06; *see also id*.,

6

§ 202.00(c).[4] The current record does not include consideration of Plaintiff's borderline situation or any findings with respect to transferability of skills.[5] Because the evidence of record could support a determination of disability, any error is not harmless. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (finding application of harmless error principle is appropriate only in the "right exceptional circumstances" where the court could "confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way"). The ALJ's lack of necessary findings, therefore, requires a remand.

> **B. The ALJ's Mental RFC Determination Lacks Pertinent Findings and is Not Supported by Substantial Evidence**

The Court proceeds to address Plaintiff's additional challenge to the ALJ's mental RFC determination. Unlike her first claim, any error with respect to the RFC would impact both Plaintiff's DIB and SSI claims.

Plaintiff claims the ALJ did not provide reasons for not including all the mental limitations set forth in the medical opinion from the state agency psychologist. Plaintiff further claims that because the ALJ's mental RFC determination is inconsistent with the medical opinion, that determination is not supported by substantial evidence.

As stated above, at step two, the ALJ found Plaintiff suffers from the following severe mental impairments: depressive disorder not otherwise specified; alcohol dependence and generalized anxiety disorder. AR 21. At step three, the ALJ found these mental impairments do

---

[4] The Commissioner concedes this point. *See* Def's Brf. at p. 13 ("The grids direct a finding of 'not disabled' for an individual of Plaintiff's profile in her chronological age category, while potentially indicating a finding of 'disabled' for the same individual in the next higher age category.").

[5] As Plaintiff notes, however, at step five, the ALJ identified only unskilled work that Plaintiff could perform considering her age, education, work experience and RFC. AR 28-29.

not meet or equal any of the listings. AR 24-25. As part of the step-three findings, the ALJ concluded that Plaintiff has moderate difficulties in concentration, persistence or pace. AR 25. In support, the ALJ cited the findings made during a January 2012 consultative examination conducted by Kara Rodgers, Psy.D. AR 25 (*citing* Exhibit 4F). Dr. Rodgers rendered the following opinion:

> Ms. Wilson's mental status exam was unremarkable in that she was fully oriented, identified common objects, accurately added three single digits, was able to abstractly reason and had good social judgment. She has some difficulty following a three-stage command and demonstrated very poor working memory. Ms. Wilson evidenced the ability to tract the course and flow of the exam, concentrate, focus and display an adequate fund of knowledge.

AR 418.

The ALJ then proceeded to step four and determined Plaintiff's mental RFC: "[s]he can understand, remember and carry out simple and detailed instructions; have superficial interaction with the public, coworkers, and supervisors." AR 26. In support, the ALJ stated that he gave "some weight" to the opinion of the non-examining state agency psychologist, Val Bee, Psy.D. AR 27 (*citing* Exhibits 5F, 6F).

> In January 2012, Dr. Bee opined as follows with respect to Plaintiff's mental RFC:
>
> [S]he appears mentally capable of well-structured task activity that does not require a rapid, sustained output. Social interaction is appropriate, and the [claimant] can relate to others in public in a variety of venues. Daily adaptive skills are largely preserved. She tends to be a nervous driver, and may need some initial support learning a new route.

AR 436. The ALJ provided the following reason for only giving "some weight" to Dr. Bee's opinion: "[t]he accompanying narrative in the *Psychiatric Review Technique Form* discusses the claimant's lack of mental health treatment, and heavy drinking history, and notes treatment records indicate the claimant feels nervous at times, but is interactive and cooperative in medical exams." AR 27 (emphasis added).

The ALJ's stated reason is problematic for two reasons. First, she relied on Dr. Bee's "consultant's notes" in the Psychiatric Review Technique (PRT) form – findings used for purposes of step-three to determine whether a listing is satisfied. AR 432. The Tenth Circuit has made clear that the PRT form which "uses a five-point scale" to rate the degree of functional limitations associated with a mental impairment is used to "inform [the ALJ's] conclusions at steps two and three of the five-step analysis." *Wells*, 727 F.3d at 1068. This rating is not an RFC assessment. *Id*. Moreover in relying on these notes, the ALJ ignored favorable statements included therein. Primarily, the ALJ did not address Dr. Bee's reference to Plaintiff's "difficulty on working memory tasks during MSE" or the statement by Dr. Bee that Plaintiff's "[i]nput is *fully credible* but does not show a mental impairment that meets or equals [a] listing at this time." AR 432 (emphasis added). The ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004); *see also* 20 C.F.R. §§ 404.1520(a)(3); 416.920(a)(3) (requiring the ALJ to "consider all evidence in [the] case record when [she] make[s] a determination or decision whether [claimant is] disabled.").

Second, and more problematic, the ALJ should have addressed Dr. Bee's "Functional Capacity Assessment" narrative included in the Mental RFC Assessment. AR 436. "The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment" and "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g., daily activities, observations." SSR 96-8p, 1996 WL 374184 at *4, 7. The ALJ wholly failed to discuss Dr. Bee's narrative mental RFC finding that Plaintiff is limited to "well-structured task

activity that does not require a rapid, sustained output." AR 436.[6] Dr. Bee's finding is inconsistent with the ALJ's mental RFC.[7] That inconsistency alone is not the problem. *See Wells*, 727 F.3d. at 1071 (recognizing that "exact correspondence between a medical opinion and the mental RFC is not required"). Instead, it is the absence of any sufficient explanation from the ALJ for rejecting Dr. Bee's limitations set forth in her mental RFC assessment that is problematic. *See Doyal*, 331 F.3d at 764 (an ALJ is required to consider all medical opinions and must provide specific, legitimate reasons for rejecting medical opinions, including those from non-treating physicians); SSR 96-8p, 1996 WL 374184 at *7 ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). It was improper for the ALJ to ignore Dr. Bee's pertinent RFC findings – findings arguably more favorable to Plaintiff. *Hardman*, 362 F.3d at 681. The Court concludes, therefore, that Plaintiff's challenge to the ALJ's mental RFC determination has merit and a remand is required.

### C. The Remand May Affect Issues Related to the ALJ's Credibility Analysis

As her final claim of error, Plaintiff challenges the ALJ's credibility analysis. Plaintiff asserts the ALJ did not properly address her testimony regarding panic attacks and anxiety when she is in a motor vehicle, and her increased anxiety when she is under stress. *See* Pl.'s Brf. [Doc. No. 15] at p. 7. The ALJ did not address any limitations related thereto when assessing Plaintiff's mental RFC. However, Plaintiff's testimony is supported by the findings of Dr. Rodgers, *see* AR

---

[6] The ALJ cited Dr. Bee's mental RFC assessment when stating she was giving "some weight" to her assessment, *see* AR 27 (*citing* Exhibit 6F), but the ALJ failed to discuss the findings or give reasons for rejecting them. Instead, as set forth, the ALJ only referenced findings included in the PRT form. *Id.*

[7] The VE testified that considering a person with Plaintiff's age (fifty-one to fifty-four), education and physical RFC but including a mental limitation that would reduce by twenty percent the ability to "concentrat[e] on task or maintai[n] pace or complet[e] tasks," no jobs would be available. AR 69-70.

418 (addressing fact that Plaintiff's "anxiety is likely exacerbated when stressed), and Dr. Bee, *see* AR 436 (recognizing that Plaintiff "tends to be a nervous driver, and may need some initial support learning a new route").

As set forth above, the Court has found that a remand is required. On remand, the ALJ must address Plaintiff's borderline age situation. The ALJ must also revisit the mental RFC determination and demonstrate that she has considered and properly weighed the opinion evidence. The ALJ's treatment of these issues on remand may affect issues related to credibility. Accordingly, the Court does not reach the merits of this claim. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003). The ALJ, however, is reminded of the duties attendant to a proper credibility analysis including the requirement that evidence favorable to the claimant not be ignored. *See generally Hardman*, 362 F.3d 676, 678-81.

## VI. Conclusion

For the reasons set forth, the Court reverses the decision of the Commissioner and remands the matter for further proceedings consistent with this Memorandum Opinion and Order.

ENTERED this 23rd day of February, 2017.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE